MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Troy Terrell McNeal,

                    Plaintiff,

vs.

Florence Correctional Center, et al.,

                    Defendants.

No.  CV 13-00325-PHX-DGC (JFM)

**ORDER**

On February 11, 2013, Plaintiff Troy Terrell McNeal, who is confined in the California Department of Corrections and Rehabilitation's Valley State Prison in Chowchilla, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California.  In a February 13, 2013 Order, United States Magistrate Judge Dennis L. Beck transferred the case to this Court because Plaintiff had filed the case in the wrong district.

In a June 10, 2013 Order, the Court noted that Plaintiff had not paid the $350.00 civil action filing fee or filed an Application to Proceed *In Forma Pauperis*.  The Court gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed.

On July 11, 2013, Plaintiff filed a Motion for Extension of Time and a Motion to Amend Civil Complaint.  On August 15, 2013, Plaintiff filed an Application to Proceed *In Forma Pauperis*.  In an October 4, 2013 Order, the Court granted the Motion for Extension of Time, the Motion to Amend, and the Application to Proceed, and dismissed

the Complaint because Plaintiff had failed to state a claim upon which relief could be granted.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On November 12, 2013, Plaintiff filed a Petition for Extension of Time, which the Court granted in a November 20, 2013 Order.  On December 9, 2013, Plaintiff filed his First Amended Complaint.  In a December 31, 2013 Order, the Court dismissed the First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On January 27, 2014, Plaintiff filed his Second Amended Complaint (Doc. 19). The Court will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.   Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff sues the following Defendants: Corrections Corporation of America (CCA), CCA's Florence Correctional Center (CCA-FCC), and Dentist Jane Doe.

In Count One, Plaintiff alleges that he was subjected to "[n]egligence under deliberate indifference under Eight[h] Amendment" regarding his dental care. Plaintiff asserts that he is a State of California inmate that was sent to CCA-FCC, received a dental checkup at CCA-FCC, was advised that he needed dental work done, and submitted a dental request because of his pain. Plaintiff claims that Defendant Doe filled his teeth and told Plaintiff that pursuant to a contract with the California Department of Corrections and Rehabilitation (CDCR), she was only permitted to fill, clean, or extract teeth.

Plaintiff contends that he continued to have problems with the teeth Defendant Doe had filled. Plaintiff asserts that Defendant Doe told Plaintiff that she would perform three root canals and fit a silver cap on one tooth. Plaintiff states that after Defendant Doe did the root canals, she attempted to fit the silver cap on his tooth, but it would not fit. Therefore, Defendant Doe ground down an adjacent tooth, which allegedly caused

1  that tooth to weaken.

2      Plaintiff states that Defendant Doe told Plaintiff that he needed additional dental

3  work, she was not supposed to do that work under the CDCR contract, but if Plaintiff

4  submitted a request for a cleaning, she would finish the other root canals and caps and

5  bill federal agencies for the dental work.  However, Plaintiff was returned to California,

6  where he eventually discovered that Defendant Doe did not do full root canals, leaving

7  part of the roots in Plaintiff's teeth.

8      Plaintiff alleges that, due to Defendant Doe's negligence, he had gum infections,

9  which ate away at his nasal cavity, and that part of his tooth broke off due to the grinding

10  Defendant Doe did.  Plaintiff states that due to Defendant Doe's "ind[i]fference," he

11  needs extensive dental work to correct her mistakes, is in constant pain, has infections

12  "every-other week," needs additional dental work, and has "sinus bleeds" and a sinus

13  infection that is eating his nasal cavity.

14      In Count Two, Plaintiff alleges that he was subjected to cruel and unusual

15  punishment, in violation of the Eighth Amendment, regarding his dental care.  He states

16  that Defendants Doe, CCA, and CCA-FCC unnecessarily inflicted pain and suffering on

17  him with "great disregard for the excessive risk to [Plaintiff's] health" because

18  Defendants CCA and CCA-FCC allowed Defendant Doe to perform, or should have

19  known that she would perform, procedures that were not part of the contract with the

20  CDCR or federal agencies, including partial root canals and tooth grinding.  Plaintiff

21  asserts that Defendants CCA and CCA-FCC should have known about Defendant Doe's

22  fraudulent acts.  Plaintiff alleges that Defendant Doe's negligence and fraudulent actions

23  were done for monetary gain and that they have affected Plaintiff's way of life and

24  imposed a future financial burden on him because he will need to pay for future medical

25  and dental work.

26      In Count Three, Plaintiff alleges that he was subjected to "[g]ross negligence/

27  medical malpractice/deliberate indifference for financial gain," in violation of the Eighth

28  Amendment.   He asserts that Defendants Doe, CCA, and CCA-FCC were grossly

negligent in treating Plaintiff's needs because they "put profit ahead of [Plaintiff's] medical and dental needs" when Defendant Doe performed three root canals, placed a silver cap on a tooth, and ground down a tooth.  Plaintiff claims Defendant Doe had no regard for Plaintiff's medical and dental needs and that, by billing a federal agency for dental work done on a state inmate, Plaintiff acted recklessly and for monetary gain. Plaintiff asserts that Defendant Doe's actions have caused him pain and suffering and future medical bills and that her dental work was "gross[ly] negligen[t], deliberate and indifferen[t] to [Plaintiff's] needs."

Plaintiff seeks monetary damages.

**III.     Failure to State a Claim**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).   There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

1998).   Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are insufficient.

**A.      Defendant CCA**

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical/dental care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

Plaintiff does not allege that Defendant CCA promulgated or endorsed a policy, decision, or custom that resulted in the alleged violation of Plaintiff's rights.  Moreover, because there is no *respondeat superior* liability under § 1983, Defendant CCA is not liable simply because it employed individuals who allegedly violated Plaintiff's constitutional rights.  Thus, Plaintiff has failed to state a claim against Defendant CCA, and the Court will dismiss Defendant CCA.

**B.      Defendant CCA-FCC**

Section 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law.  Defendant CCA-FCC is a building or collection of buildings, not a person or legally created entity capable of being sued.  Therefore, the Court will dismiss Defendant CCA-FCC.

**C.      Defendant Doe**

Not every claim by a prisoner relating to inadequate medical/dental treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further

1    significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's

2    response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

3           "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

4    1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

5    both know of and disregard an excessive risk to inmate health; "the official must both be

6    aware of facts from which the inference could be drawn that a substantial risk of serious

7    harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,

8    837 (1994).  Deliberate indifference in the medical context may be shown by a

9    purposeful act or failure to respond to a prisoner's pain or possible medical need and

10    harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

11    also be shown when a prison official intentionally denies, delays, or interferes with

12    medical treatment or by the way prison doctors respond to the prisoner's medical needs.

13    *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

14           Deliberate indifference is a higher standard than negligence or lack of ordinary

15    due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

16    gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*

17    *Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter*

18    *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

19    "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

20    does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

21    *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

22    without more, is insufficient to state a claim against prison officials for deliberate

23    indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

24    (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

25    "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

26           At most, Defendant Doe may have provided treatment in excess of her contract

27    with the CDCR and may have acted negligently or committed medical malpractice.  None

28

of this, however, rises to the level of deliberate indifference and Plaintiff's allegations do not support a deliberate indifference claim.  Thus, the Court will dismiss Defendant Doe.

## IV.    Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    Plaintiff's Second Amended Complaint (Doc. 19) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 7th day of May, 2014.

David G. Campbell
United States District Judge